UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

July 2, 2019

LETTER TO ALL COUNSEL OF RECORD

    Re:    *Kevin B. v. Social Security Administration*[1]
            Civil No. 18-cv-01374-JMC

Dear Counsel:

    On May 11, 2018, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 20). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Social Security Administration, and remand the case to the Social Security Administration for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Plaintiff filed a claim for benefits on May 20, 2015, with an onset date of December 21, 2009. (Tr. 179-85). His claim was denied initially and on reconsideration following appeal. (Tr. 105-08, 110-11). Administrative Law Judge ("ALJ") Yvette N. Diamond held a hearing on July 17, 2017. (Tr. 34-68). Following that hearing, July 27, 2017, the ALJ determined that Plaintiff was not disabled. (Tr. 18-29). The Appeals Council denied his request for review making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1–6).

    In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,'

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since March 20, 2015. (Tr. 21). At step two, the ALJ determined that Plaintiff's "degenerative disc disease, hypertension, obesity, depressive disorder, and polysubstance abuse" constitute severe impairments under the relevant regulation. (Tr. 21). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-17). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff has the RFC to perform:

> light work as defined in 20 CFR 416.967(b), except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for sex out of eight hours; and sit for six out of eight hours. The claimant can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. He cannot have concentrated exposure to vibration or hazards. The claimant is limited to simple, routine tasks and frequent contact with supervisors, coworkers, and the public.

(Tr. 24-27). Finally, at step four, the ALJ determined that Plaintiff is unable to perform any past relevant work, but in considering age, education, experience, and RFC, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (Tr. 28-29).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff raises a single issue on appeal arguing that the ALJ failed to include a proper limitation, or to provide a proper explanation for not including such limitation, to account for Plaintiff's "moderate difficulties" with regard to concentration, persistence, or pace in violation of the mandates set forth in the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (ECF No. 17 at 8-10). Although, in this case, the ALJ ultimately found that Plaintiff's impairments did not meet or medically equal any of those listed in the regulations, a more-detailed explanation of the analysis at step three of the sequential evaluation will better inform the Court's decision here. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Listings 12.00 *et seq* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00–12.15. The relevant listings therein consist of (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* at § 12.00(A). If both the paragraph A and B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* at § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to

which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* at § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* at § 12.00(C). The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations also offer little guidance as to the meaning of "moderate" limitations. *See Lewis v. Commissioner*, Civ. No. SAG–16–3661, 2017 WL 2683948, at *2 (D. Md. June 21, 2017).

In *Mascio*, the Fourth Circuit held that a remand was necessary where the ALJ's hypothetical to the vocational expert, and the corresponding RFC assessment, failed to include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637–38. In so holding, the Fourth Circuit agreed with other federal circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, or pace by merely restricting the hypothetical question posed to the vocational expert to simple, routine tasks or unskilled work. *Id.* at 638. Nonetheless, the Fourth Circuit noted that the failure to include additional limitations may not constitute error if the ALJ is able to offer an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not warrant a limitation in the claimant's RFC assessment. Simply put, the *Mascio* Court held that where an ALJ finds moderate difficulties at steps two or three of the sequential evaluation, the ALJ is then required either to include the appropriate limitations that would account for such difficulties in the RFC or to explain why no such limitations are necessary.

In this case, the ALJ assessed Plaintiff's mental impairments pursuant to the "special technique," and found that he had moderate limitations in concentration, persistence, or pace. (Tr. 23). The ALJ's complete assessment reads:
> With regard to concentration, persistence, or pace, the claimant has moderate limitation. The claimant has endorsed a history of poor focus, however, he has reported he has "average" concentration and memory, and in a Function Report, he reported no difficult with concentration, completing tasks, or following instructions (Exhibits B7E; B3F; B4F). Additionally, the claimant testified that he reads articles, watches movies, and plays chess multiple times a week for ninety minutes to two hours at a time. As such, I find that the claimant has only moderate limitations in concentration, persistence, and maintaining pace.

(Tr. 23). In determining Plaintiff's RFC, the ALJ stated that he was "limited to simple, routine task . . . ." (Tr. 24). Plaintiff contends that the ALJ here committed a similar error to that in *Mascio* because she determined that Plaintiff has moderate limitations in concentration, persistence, or pace and subsequently failed to incorporate an appropriate limitation in the RFC assessment or, in the alternative, to indicate why her moderate limitations did not translate into a limitation in the RFC assessment.

The Court agrees with Plaintiff's argument in that the ALJ's analysis is insufficient under the relevant regulations. Indeed, although the ALJ states that Plaintiff has "moderate difficulties" with concentration,

3

persistence, and pace, the analysis could also suggest an alternative finding that Plaintiff has mild or no difficulties. Without further explanation and analysis, the Court is unable to ascertain whether the ALJ truly believed Plaintiff to have moderate difficulties in concentration, persistence, and pace, instead of no, mild, or even severe difficulties, and how those difficulties restrict his RFC such that he is limited to "simple, routine tasks . . . ." This warrants remand for further analysis and explanation under *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

For the reasons set forth herein, the cross motions for summary judgment, (ECF Nos. 17, 20), are DENIED, the Social Security Administration's judgment is REVERSED, and the case is REMANDED in order for the ALJ to provide further analysis and explanation. Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

                                          Sincerely yours,

                                              /s/
                                        J. Mark Coulson
                                        United States Magistrate Judge